**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**Rev. DIANE JOY JENKINS,**

**Plaintiff,**

**v.** **CIVIL ACTION NO. 2:06cv235**

**CITY OF PORTSMOUTH,**
**PORTSMOUTH DEPARTMENT OF PLANNING,**
**JOCELYN ADUMUAH,**
**ROBERT BALDWIN,**
**JOEL ANDRE,**
**SALLYE DIVENUTI,**
**and**
**MARTHA ANN CREECY,**

**Defendant.**

***MEMORANDUM OPINION & ORDER***

Reverend, Diane Joy Jenkins ("Plaintiff") brought this action against the City of Portsmouth, Portsmouth Department of Planning[1], Jocelyn Adumuah, Robert Baldwin, Joel Andre, Sallye Divenuti and Martha Ann Creecy (collectively, "Defendants"), claiming that the City's enforcement of its architectural design restrictions discriminated against her based on her race in violation of her federal constitutional rights. This instant matter comes before the Court on the parties' cross Motions for Summary Judgment. Plaintiff has also filed various Motions to Add Party Defendants. Plaintiff's Motions to Add Party Defendants, and Plaintiff's Motion for

---

[1]The Court notes that the Planning Department is not a proper party defendant in this case and should be dismissed. In accordance with the Portsmouth City Code (Portsmouth City Code §1-1, 1998) the term Planning Department "is construed to mean the division of planning and zoning of the City's department of community quality and zoning services." An organizational unit of city government is not a proper party defendant. *See Canty v. City of Richmond Police Department,* 383 F. Supp. 1396 (E.D. Va. 1974); *aff'd*, 526 F.2d. 587 (4th Cir. 1975).

Summary Judgment are **DENIED.** Defendants' Motion for Summary Judgment is **GRANTED.**

## I. FACTUAL AND PROCEDURAL HISTORY

For the purposes of this motion, the Court assumes the following facts to be true.[2] Port Norfolk is one of five areas designated as historic districts by the City of Portsmouth, Virginia. In the historic district, no external change to a building's appearance that is visible from a public way may be lawfully done without a "Certificate of Appropriateness" ("Certificate"). The Port Norfolk historic district is within the jurisdiction of the Commission of Architectural Review II, sometimes referred to as "CAR II" or the "Commission". The Commission is responsible in part for reviewing and acting on applications for requests for Certificates. The Commission's jurisdiction covers only publicly visible changes to the exterior appearance of particular structures. No such changes may be made without a Certificate. According to the Commission, requests for Certificates to conduct exterior changes are denied when the Commission determines that such requests are inconsistent with the architectural character of the home and the neighborhood and would detract from that heritage.

On or about August 22, 2005, Plaintiff purchased property within the historic district located at 347 Chautauqua Avenue, Port Norfolk, Virginia (the "Property"). On September 27,

---

[2] Rule 56(b) of the Local Rules of the United States District Court for the Eastern District of Virginia requires that a motion for summary judgment include a list of undisputed facts. The Court assumes that any facts alleged in the motion for summary judgment are admitted unless controverted by the responding opposition brief. In light of the confusing nature of the pleadings and motions filed by Plaintiff (including Plaintiff's failure to include a list of undisputed facts in her own motion for summary judgment), to the extent that the Court has found that Plaintiff has in fact, disputed the facts as presented by Defendants in this case, such disputes simply take the form of restatements of Plaintiff's legally conclusory allegations against Defendants of disparate treatment based on race discrimination in violation of her constitutional rights. Accordingly, the Court will assume these facts as stated to be true.

2005 the Secretary to the Commission received Plaintiff's application for a Certificate for various changes to the visible exterior appearance of the Property. Plaintiff appeared before the Commission for approval of her requests on or about October 4, 2005. The Commission considered the requests and approved some of the modifications while denying others. The decision was issued on October 19, 2005. Plaintiff submitted a second application for a Certificate on or about October 24, 2005. On November 1, 2005, the Commission held a regularly scheduled meeting. Plaintiff's second application was reviewed at that time. The Commission determined that an onsite visit was necessary as part of the review process. The visit was scheduled for November 4, 2005. On November 4, 2005, four members of the Commission along with Councilman Ray Smith, Sr. met Plaintiff at the Property. Mr. Smith was appointed by the City Council as its liaison to the Commission and has known the Plaintiff for some fifteen years. Commissioner Joel Andre, an architect, observed that Plaintiff's request included a desire to remove some major exterior windows in order to accommodate interior changes. The Commission determined, however, that loss of those exterior windows would have had a significant negative impact on the historic appearance of the building. Moreover, Mr. Andre offered, as he has to other applicants, to view the interior of the building and suggest ways to rearrange the interior in a manner that would accommodate Plaintiff's desired interior changes and retain the important exterior windows. Plaintiff rejected Mr. Andre's offer.

On November 8, 2005, Plaintiff wrote a letter to City Council charging that she was the subject of "continuous discrimination" on the basis of race, retaliation, and conspiracy to interfere with civil rights. Plaintiff also alleged that white homeowners in the historic district at 622 Broad Street and 353 Chautauqua Avenue, Port Norfolk, Virginia were granted approval by

the Commission to do the same exterior renovations that she had been prohibited.

On November 18, 2005, the Commission wrote Plaintiff advising her that a decision regarding her property would be made at the December 6, 2005 meeting. Plaintiff was also informed that she had thirty days to appeal any Commission decision to the City Council. Again, the Commission approved some of Plaintiff's requests while denying others.

On December 6, 2005, the Commission met as scheduled. Plaintiff did not appear at the meeting, nor give an explanation for her absence or request a continuance or deferral. Plaintiff's application was reviewed and voted on. On December 12, 2005, the Commission issued Plaintiff a Certificate approving some of her requests. The Commission informed Plaintiff that six (6) of the ten items were denied while four (4) approved. Plaintiff was also informed of her right to appeal. The Commission explained that the basis for denial of Plaintiff's requests rested solely on the fact that they exceeded the guidelines and standards for preserving the historic character of the Port Norfolk Historic District.

On December 13, 2005, Plaintiff wrote to City Council appealing the Commission's December 6, 2005 decision. Plaintiff outlined all of the requests that were denied and alleged that her requests were misquoted. On January 24, 2006 Plaintiff also wrote a letter to Portsmouth Mayor James W. Holley, III and the members of the City Council. Plaintiff advised that she would not be present at the hearing scheduled for February 14, 2006 and questioned the length of time it took for her to receive her Certificate.

On January 27, 2006, the City Clerk informed Plaintiff by letter that if she was unable to attend the meeting, she should send a representative to speak on her behalf because the City Council would vote on Plaintiff's appeal whether she was present or not. However, Plaintiff did

not appear at the February 14, 2006 meeting and gave no explanation or request a continuance or deferral. Individuals who appeal to the Council have the opportunity to speak, present witnesses and offer evidence before the Commission in support of such appeals. The Council voted unanimously to deny Plaintiff's appeal. At the time of Plaintiff's appeal was considered, the City Council was majority African American. On February 15, 2006, the City Clerk informed the Plaintiff by letter that the City Council had voted not to grant her appeal. Plaintiff was also informed of her right to appeal the City Council's decision to Circuit Court. Plaintiff did not appeal to Circuit Court.

Plaintiff, through a contractor, thereafter proceeded to make substantial unapproved exterior modifications to her Property, in violation of the law. The City sought judicial relief. On February 22, 2006, Portsmouth Circuit Court entered a Preliminary Injunction at the City's request enjoining Plaintiff from making further exterior alterations to her Property. Despite the Injunction, Plaintiff continued to modify the exterior of her Property in manners not authorized by The Commission. On March 22, 2006, Portsmouth Circuit Court denied Plaintiff's motion to vacate the Preliminary Injunction and to enjoin the City's Planning Department from seeking to enforce its requirements pertaining to historical districts against her. The Court held that The Commission's decisions were final and had not been properly appealed by Plaintiff. Plaintiff was also ordered to take no actions inconsistent with the Preliminary Injunction.

On March 24, 2006, Plaintiff submitted a third application for exterior modifications. In an attached letter, she identified several properties in the Port Norfolk historic district she believed to have renovations similar to those she had requested, including vinyl/synthetic siding and/or windows.

On March 31, 2006, Plaintiff wrote The Commission regarding the cost estimate for her proposed alterations. Plaintiff again, identified additional properties that had renovations allegedly similar to the ones she requested. On April 5, 2006, Ms. Adumuah wrote to Plaintiff advising Plaintiff that at the Commission's April 4, 2006 meeting her requests were denied. Ms. Adumuah also advised Plaintiff, again of her appeal rights. On April 6, Plaintiff wrote the City Council requesting an appeal of the Commission's decision of April 4, 2006 based on "hardship of financial expense." The appeal was subsequently considered and denied on June 27, 2006.

During Plaintiff's various applications, hearings and appeals, she filed a Complaint of discrimination against the Commission with the United States Department of Housing and Development ("HUD"). Plaintiff alleged that the Commission had discriminated against her on the basis of race when some of her requests for alterations were denied. On or about April 10, 2006, the HUD notified the parties, that after thorough investigation, it had determined that there was no reasonable cause to believe Plaintiff had been discriminated against on the basis of race.

On or about March 27, 2006, Plaintiff filed a claim against Defendants by filing a Motion for Judgment in the Circuit Court for the City of Portsmouth, Virginia for claims arising under the United States Constitution. Defendants removed the matter to this Court pursuant to 28 U.S.C. §1446, as amended. Plaintiff filed her first Motion to Amend Complaint on May 19, 2006. Plaintiff filed an additional Motion to Amend Complaint as well as a Motion to Approve Jury Trial Request on June 30, 2006. On July 27, 2006, this Court DENIED both the Motion to Amend and the Motion to Approve Jury Trial Request. On August 17, 2006 Plaintiff filed another Motion to Add Party Defendants along with Jury Demand on new defendants. Defendants filed its Memorandum in Opposition on August 28, 2006. Plaintiff filed a Reply on

September 7, 2006. On September 8, 2006 Plaintiff also filed another Motion to Add Party Defendants and Motion for Summary Judgment. On September 21, 2006 Defendants filed a Memorandum in Opposition to Plaintiff's Motion to Add Party Defendants and her Motion for Summary Judgment. Shortly thereafter, Defendants filed their own Motion for Summary Judgment on September 26, 2006 along with a Memorandum in Support. Subsequent to Defendant's Motion, Plaintiff has filed numerous Motions to Add Party Defendants as well as Replies to Defendant's Motion for Summary Judgment. This matter is now ripe for adjudication.

## II. LEGAL STANDARD

Rule 56(c) provides for summary judgment if the Court, viewing the record as a whole, determines "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding a motion for summary judgment, the Court must view the facts and inferences to be drawn from the facts in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). To defeat summary judgment, the nonmoving party must go beyond the pleadings with affidavits, depositions, interrogatories, or other evidence to show that there is in fact a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The Court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. In considering cross motions for summary judgment, the court must apply the standard of review to each motion and "determine whether summary judgment is appropriate as to each." *Monumental Paving & Excavating, Inc. V. Pennsylvania Mfrs.' Ass'n Ins. Co.,* 176

F.3d 794, 797 (4th Cir. 1999).

A *pro se* party is entitled to have her complaint and asserted issues construed liberally. *Pro se* parties are held to a less stringent standard than attorneys drafting such complaints. *See Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). Accordingly, the Court has interpreted the allegations and facts as reasonably as possible. Furthermore, the Court notes from the Court's file that the Defendants provided notice of their summary judgment motion in compliance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

## III. DISCUSSION

### A. Motion to Add Party Defendants

As a preliminary matter, the Court will address Plaintiff's various motions to add individual party defendants. Plaintiff moves the Court to add members of the Portsmouth City Council and members of the Commission for Architectural Review Board: Steve Heretick, Dr. James Holly, William Moody, Elizabeth Psimas, Marlene Randall, Ray Smith, Charles Whitehurst, Charles Bodner, Harry Costello, Tyson Miller, and Clayton Hough. Plaintiff next seeks to add City Attorney, G. Timothy Oksman, and Original Defendant, Jocelyn Adumuah, member of the Commission. Finally, Plaintiff has also seeks to add Officials of the Portsmouth Department of Building and Permits, Lamar Brown and Otis Jordan. Rule 20 of the Federal Rules of Civil Procedure provides that,

> "all persons . . . may be joined in one action as defendants if there asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences and if any questions of law or fact common to all defendant's will arise in the action."

Fed. R. Civ. P. 20. Plaintiff has moved the Court to add Party Defendants to her case

because the respective individuals are either members of the Portsmouth City Council, the Commission of Architectural Review and/or are in any way employed by the City and therefore, participated in any way in the enforcement of the decisions to issue the restrictive code at issue this case. However, apart from their membership and/or status as City employees, Plaintiff has failed to specifically alleged the factual basis for joinder of the above mentioned individuals under Rule 20.[3] Therefore, Plaintiff's Motions to Add Party Defendants are DENIED.

**B. Fourteenth Amendment Claims**

As far as the Court can ascertain, Plaintiff moves the Court for summary judgment against the City of Portsmouth and additional individual Defendants on various grounds. Though unclear from Plaintiff's Complaint and subsequent pleadings, it appears that Plaintiff asserts an equal protection claim as well as due process claims. The Defendants have also moved for summary judgment on all claims. Defendants assert that Plaintiff has not met her burden of establishing purposeful and invidious discrimination on the part of the City as required under an equal protection claim. Defendants also maintain that with respect to her due process claim, Plaintiff has been afforded sufficient due process protection and therefore, fails to establish claims for violation of substantive and procedural due process violations. The Court will address each claim in turn.

---

[3] The Court notes that although Plaintiff's Motion to Add Party Defendant's is denied pursuant to Rule 20 of the Federal Rules of Civil Procedure, her claims against the individual defendants are also barred by the doctrine of qualified good immunity. *See Harlow v. Fitzgerald,* 457 U.S. 800, 818-819 (1982) (holding that city officials and employees performing discretionary acts are shielded from individual liability to the extent that their conduct does not violate constitutional rights); *see also Anderson v. Creighton,* 483 U.S. 635, 640-641(1987).

***1. Equal Protection***

Plaintiff's central claim asserts that Defendants have combined to violate her right to equal protection of the law under the Fourteenth Amendment. She argues in particular that similarly situated white homeowners in the Port Norfolk Historic District have the identical vinyl siding and/or vinyl windows and have been permitted to install the siding and windows which she has been denied permission. Plaintiff further alleges that the Commission's and City Council's (collectively, the "City") denial of her requests for such modifications are based on race discrimination. The City counters that it has a legitimate non-racial basis for its actions regarding Plaintiffs requests. Furthermore, the City asserts that Plaintiff fails to establish that she was similarly situated to those she claims were treated differently or that the City engaged in purposeful, intentional discrimination.

"The purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000) (internal quotation marks and alteration omitted). Plaintiff in this case, bears the burden of demonstrating that race was intentionally utilized as the basis for denial of her Certificate requests. *See Washington v. Davis,* 426 U.S. 229, 239 (1976); *See also Village of Arlington Heights v. Metropolitan Housing Dev. Corp.,* 429 U.S. 252, 265 (1997); *Smith v. Town of Clarkton,* 682 F.2d 1055, 1066 (4th Cir. 1982). In other words, Plaintiff must show that an element of intentional or purposeful discrimination was present in the City's actions regarding her applications and requests for approval of her proposed improvements. *See Washington,* 426 U.S.

at 239. Disparate result is not enough. *Id.*

Defendants argue that Plaintiff has failed to provide a factual basis for her intentional discrimination claim. The Court agrees. Plaintiff has failed to provide, and the Court has not found any evidence that the City's decisions with respect to Plaintiff's requests was a result of purposeful and invidious discrimination. On the Contrary, the City has provided compelling evidence that Plaintiff's requests were denied because they were not consistent with Portsmouth's City Code which regulates the preservation and protection of historic buildings, structures, places and areas of historic interest, *see Portsmouth City Code § 40-51 (2000),* and that its decision regarding Plaintiff's applications were based on the relevant facts of her application and the preservation of the historic district, not race. (Adumuah Aff. ¶ 14.)[4] This conclusion is further supported by HUD's dismissal of Plaintiff's complaint upon a determination, after thorough investigation, "that no reasonable cause exists to believe that a discriminatory housing practice has occurred." (H.U.D. Ltr. Aug. 8, 2006).

First, as mentioned, Plaintiff alleges that white property owners in the district were granted approval to install the same vinyl siding and windows she was denied. Plaintiff specifically cites improvements made to the properties at 353 Chautauqua Avenue and 622

---

[4]Jocelyn V. Adumuah is the Principal City Planner for the City of Portmouth, Virginia. In that capacity she is responsible for the enforcement of the exterior architectural standards for the historic district. Ms. Adumuah is African American. After investigating Plaintiff's complaints regarding other white residents allegedly granted permission to install vinyl improvements, Ms. Adumuah found that Plaintiff's claims were incorrect. Specifically, Ms. Adumuah reports that no white homeowners in the district has been permitted to replace original wood windows or doors with vinyl windows or doors of significantly different dimensions, proportions and profiles. (Adumuah Aff. ¶ 17-18.) Ms. Joel Andre is also a member of the Commission and also confirms Ms. Adumuah's assertion that no similarly white owners have been treated more favorably than Plaintiff. ( Andre Aff. ¶ 9.)

Broad Street, respectively. However, HUD's investigation revealed the contrary.

As detailed in HUD's investigation and verified by the City, the renovations approved at the properties cited by Plaintiff were distinct from her requests. For example, the owners of 353 Chautauqua Avenue made requests for and were granted permission to make repairs to the sidewalk and brick chimney. Moreover, the Certificate approving those repairs noted that no other changes were to be made to the property. The second Certificate approving changes to the property allowed the removal of 3 tab shingles to be replaced "in-kind." *Id.*

HUD's investigation also revealed that installation of new vinyl sidings was approved for the property at 622 Broad Street. However, approval was based on circumstances drastically distinct from that of Plaintiff's. HUD's investigation found that approval was based on work done without permits, despite stop work orders, and changes in property owners. As a result, the structure of the property had become unsafe. *Id.* The house had become so derelict that at one point vagrants were living in it and starting fires. In short, the house had become a safety issue in the neighborhood. In light of such circumstances, the Commission agreed that the house was a potential hazard and approved the vinyl siding on the house so that the house could be made livable and quickly sold. *Id.* Finally, though Plaintiff identified various other properties which also had the vinyl siding and windows for which she was denied, the City's investigation revealed that those properties either had vinyl/synthetic siding before the Port Norfolk area was designated as a historic district which deems those improvements legal because they were "grandfathered" or those improvements were made without the City's approval and have been

subsequently cited for the unauthorized alterations. (Adumuah Aff. ¶ 15.)[5] HUD's findings substantiates the City's explanation.

In light of the overwhelming evidence provided by City in this case, it is clear that Plaintiff has failed to establish that she has been treated differently than similarly situated white property owners and therefore, that the City's decisions in this case were based on race discrimination. Consequently, Plaintiff's equal protection claim fails.

***2. Procedural Due Process***

Plaintiff's claims also seem to include allegations that the City violated her right to due process under the Fourteenth Amendment. Plaintiff's general allegation is that throughout the request and appeal process, her requests were denied because of her race. However, Plaintiff seems to specifically assert that the City did not appropriately consider her hardship in completing the modifications for alterations and repairs pursuant to Portsmouth City Code in its examination of Plaintiff's numerous requests. Plaintiff also contends, among other allegations that, the City denied her rights to appeal their decisions in an effort to prevent her from asserting that right. Finally, Plaintiff also maintains that the City withheld pertinent information during HUD's investigation of her complaint against the City. Defendants counter that Plaintiff was afforded every opportunity to be heard.

If Plaintiff's claim is in fact one of the City's violation of her procedural due process,

---

[5]At the initial designation of the historic district, replacement vinyl siding was permitted, however, it was eventually determined that vinyl was beginning to adversely affect the overall historic appearance of the district. As a result, vinyl siding was no longer automatically approved. Approval was only granted under limited, unusual, or hardship conditions. (Adumuah Aff. ¶ 15.) Plaintiff has failed to provide the Court with evidence of the requisite hardship conditions.

then she must prove that (1) she had property or a property interest (2) of which the City deprived her and (3) without due process of law. *Sylvia Dev. Corp. v. Calvert County, Md.*, 48 F.3d 810, 826 (4th Cir. 1995). Plaintiff fails to establish this claim. She was provided with more than sufficient due process protection throughout the entire application/request and appeal process. *See Fields v. Durham*, 909 F.2d 94, 97 (4th Cir. 1990) (citing *Zinermon v. Burch*, 494 U.S. 113, 126 (1990)) (explaining that "to determine whether a procedural due process violation has occurred, courts must consult the entire panoply of predeprivation and postdeprivation process provided by the state").

The City offers compelling evidence to establish that Plaintiff was made aware of her right to appeal each and every one of the Commission's decisions regarding her requests for a Certificate and was given the opportunity to do so. Moreover, it is important to note that the Commission approved the majority of the modifications and improvements requested by Plaintiff's initial application for a Certificate. The only remaining improvements at issue in this case are the vinyl siding and window modifications. Those remaining improvements were not only discussed at the regularly scheduled Commission meetings, but the Commissioners went out to inspect Plaintiff's property in an effort to more fairly and thoroughly consider the request. The Court has been provided with the Commission's letters demonstrating that each time the Commission issued a decision regarding Plaintiff's request, she was informed in writing of her right to appeal and the process for such an appeal. (Def.'s Ex. 7, 11, 12, 18.) Plaintiff was advised in particular, that she had the right to appear before the Council to present her case and provide evidence and speak on behalf of her requested improvements. Despite advanced notice that her requests for Certificates would be reviewed and discussed at scheduled City Council

meetings, Plaintiff failed to appear at least twice without providing any sort of explanation for her absence and did not request a continuance or deferral.

It is Plaintiff who failed to appropriately utilize the procedural protections provided by the process by which property owners are able to obtain approval. As a matter of fact, Plaintiff proceeded to make unapproved modifications in violation of the law. Furthermore, despite a preliminary injunction entered by the City of Portsmouth, Plaintiff continued with unapproved modifications. Plaintiff's subsequent motion to vacate the injunction and to enjoin the City's determination regarding her requests was denied. (Order Denying Motion to Vacate Mar. 24, 2006). The Portsmouth Circuit Court held that the City's determination was final. *Id.* Accordingly, the Court finds that Plaintiff has no basis for a procedural due process claim.

***3. Substantive Due Process***

Finally, Plaintiff's allegations also seem to encompass a substantive due process violation. To establish a substantive due process claim Plaintiff must demonstrate that (1) she has property interest; (2) that the state deprived her of this property interest; and (3) that the state's actions fall so far beyond the outer limits of legitimate governmental action that no process could cure the deficiency. *Sylvia Dev. Corp.,* 48 F.3d at 827 (citing *Love v. Pepersack,* 47 F.3d 120, 122 (4th Cir. 1995)). The City's decisions regarding Plaintiff's request clearly did not fall beyond the limit of legitimate government action. They were all directly related to it's efforts to preserve the historic district. Furthermore, the Court is convinced that at every juncture of the process for obtaining approval Plaintiff was made aware and clearly informed of her rights to appear, present her case, be heard and appeal. Plaintiff's failure to avail herself of the opportunities to appeal and her decision to disobey a preliminary injunction order further

undermines her claims in this case. Plaintiff fails to show that the City's action was so arbitrary, irrational or unjustified so as to rise to the level of a substantive due process claim. *See Rucker v. Hartford County,* 946 F.2d 278, 281 (4th Cir. 1991).

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is **DENIED.** Plaintiff's Motions to Add Party Defendants are **DENIED**. Defendants' Motion for Summary Judgment is **GRANTED.**

The Court **DIRECTS** the Clerk to send copies of this Memorandum Opinion and Order to Plaintiff and Counsel for Defendants.

**IT IS SO ORDERED.**

_________________/s/_______________
RAYMOND A. JACKSON
UNITED STATES DISTRICT JUDGE

November 27, 2006